MaNly, J.
 

 We are not aware of any principle of equity by which the continuance of the injunction can be sustained.
 

 The bill alledges that the defendant, Ward, sheriff of Martin county, upon whose bond plaintiffs are sureties, had become insolvent, and left the county not to return; that his tax lists were placed in the hands of a deputy, the other defendant, who was collecting and misapplying the moneys. The answers deny the insolvency and the permanent removal from the county, but admits that the deputy paid a judgment which he had general instructions, from his principal, to pay, with moneys not applicable to it. The answers both state the judgment was for taxes due the previous year, and the deputy liad lists of taxes for both that, and the then current year, to collect ; and the misapplication in question was without authority from the sheriff.
 

 Upon the coming in of the answers, the injunction was dissolved as to the deputy, but continued as to the sheriff until the hearing.
 

 Upon this state of the pleadings, the question is, whether the sheriff will be kept under an injunction not to misapply funds, which are in his hands
 
 vi/rtute officii,
 
 upon an admis-
 
 *69
 
 si on of a misapplication, in one instance, by a deputy, under the circumstances stated.
 

 It seems to us, an injunction in such case, cannot be sustained except upon a principle which will justify a resort to a court of equity in all cases of public officers, to enjoin a fulfilment of their duties; and thus it will be in the power of the sureties, through that court, to add to the penalties prescribed by the legislative power, for misprison in office, the penalty of contempt of court. ¥e know of no instance in which such an equity has been recognised by the courts.
 

 The sheriff is bound to the performance of his duties under the obligation of an oath, and by other severe pains and penalties, and also by a strict accountability to others at short intervals. Eor moneys in his hands, withheld from the proper ■owner or office, he is .subject to summary judgments with penalties. For neglecting, or refusing to perform any duty he is not only subject, generally, to a pecuniary penalty, but is furthermore liable to be indicted as for a misdemeanor, and upon conviction deprived of office, as well as punished according to the common law; Rev. Code, ch. 99, sec. 122; ch. 29, sec. 5; ch. 34, sec. 119; ch. 105, sec. 11.
 

 These are the safe-guards which the law has provided for the public, and, in ordinary cases, where no grounds are laid for a receiver and sequestration, they must suffice for the sureties.
 

 The order made below, continuing the injunction as to the sheriff, until the hearing, and which was appealed from, should be reversed; and to this end, the opinion will be certified.
 

 Per Curiam, Order belew reversed.